UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

No. 12-cv-4741 (RER)

RAYMOND L. PALMER,

Plaintiff,

vs

OSCAR E. MOLINA MENESES AND V&E TRUCKING,

Defendants.

**MEMORANDUM & ORDER**

December 12, 2016

**RAMON E. REYES, JR., U.S.M.J.**

Raymond Palmer ("Plaintiff") commenced this personal injury action against Oscar Molina Meneses and V&E Trucking (collectively the "Defendants) following an automobile accident in which he suffered injuries to his lower back requiring lumbar fusion surgery. (Dkt. No. 1 (Complaint); Dkt. Nos. 63, 67 (Trial Transcript ("Tr.")) at 38:2-6; 136:1-20). At the conclusion of a three day trial before this Court, the jury awarded Plaintiff damages in the amount of $680,000 for past pain and suffering and $950,000 for future pain and suffering. (Tr. 294:8-17). The Defendants now move for a new trial or remittitur pursuant to Fed. R. Civ. P. 59, arguing that the damages awarded were excessive. (Dkt. No. 62). Based on a review of Plaintiff's injuries and prior awards for comparable injuries, I conclude that the jury award deviated materially from what would be reasonable compensation. I therefore order a new trial on damages, conditioned on Plaintiff's rejection of a reduced award in the amount of $500,000 for past pain and suffering and $500,000 for future pain and suffering.

**LEGAL STANDARD**

Under Rule 59, courts are empowered to "grant a new trial on all or some of the issues[.]" Fed. R. Civ. P. 59(a)(1). A new trial may be granted "if the verdict appears to the judge to be against the weight of the evidence." *Kirsch v. Fleet Street, Ltd*, 148 F.3d 149, 165 (2d Cir. 1998) (internal quotations, brackets, and ellipses omitted). In making such an assessment, courts are "free to weigh the evidence…and need not view it in the light most favorable to the verdict winner[.]" *Manley v. AmBase, Corp.*, 337

1

F.3d 237, 245 (2d Cir. 2003) (quoting *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133-34 (2d Cir. 1998)); *but see Martell v. Boardwalk Enters.*, 748 F.2d 740, 750 (2d Cir. 1984) (noting that courts should still "accord substantial deference to the jury's determination of factual issues.").

Where a Rule 59 motion is confined to the issue of damages, courts may "order[] a new trial without qualification, or conditioned on the verdict winner's refusal to agree to a reduction (remittitur)." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); *see also Stampf v. Long Island R. Co.*, 761 F.3d 192, 204 (2d Cir. 2014) ("Remittitur is the process by which a court compels a plaintiff to choose between reduction of an excessive verdict and a new trial.") (internal quotations omitted). Under Federal law, remittitur is appropriate where a jury award "is so high as to shock the judicial conscience[.]" *Kirsch*, 148 F.3d at 165. However, when courts "review[] the amount of damages awarded on a state law claim, [they] must apply [state] law." *Patterson v. Balsamico*, 440 F.3d 104, 119 (2d Cir. 2006); *see also Stampf*, 761 F.3d at 204 ("In considering motions for a new trial and/or remittitur, '[t]he role of the district court is to determine whether the jury's verdict is within the confines set by state law[.]'") (quoting *Gasperini*, 518 U.S. at 435).

Under New York law "a court 'shall determine that an award is excessive…if it deviates materially from what would be reasonable compensation.'" *Stampf*, 761 F.3d at 204 (quoting C.P.L.R. § 5501(c)). Reasonable compensation is determined by comparison to prior awards. *See id*. ("To determine whether a jury award is excessive within the meaning of § 5501(c), New York courts compare it with awards in similar cases."); *see also Gasperini*, 518 U.S. at 425 ("To determine whether an award deviates materially from what would be reasonable compensation, New York state courts look to awards approved in similar cases.").

### DISCUSSION

Plaintiff was involved in an automobile accident on January 31, 2011. (Tr. 38:2-6). The evidence shows that Plaintiff suffered a herniation of his L5-S1 disk, as well as other minor injuries. (Tr. 40:15-22; 136:1-20). Initially, Plaintiff visited a chiropractor, acupuncturist, and massage therapist, but continued to experience pain. (Tr. 44:16-45:20). He was then referred to a pain management specialist who administered three epidural shots over the course of three months, with no effect. (Tr. 46:2-4; 47:22-48:2). In October of 2011 Plaintiff underwent lumbar fusion surgery. (Tr. 210:14-24). Following the procedure he attended physical therapy until late November or early December. (Tr. 87:17-20; 89:18-21). Since December of 2011 he has not attend physical therapy or met with any of his physicians, excluding examinations for the purpose of trial preparation. (Tr. 89:23-90:12). He also failed to schedule or attend a planned follow-up examination by his surgeon. (Tr. 160:17-22). He returned to work within five to six weeks of his surgery. (Tr. 53:14-21).

Plaintiff currently reports fluctuating levels of pain, (53:22-23; 89:2-17), which he self-treats through a combination of stretching, anti-inflammatory medication, pain medication and an electrical pad. (Tr. 53:24-54:16; 151:10-12). He cannot sit or stand for protracted periods of time without pain, and cannot run or lift heavy objects. (Tr. 60:9-62:3). He exhibits no neurological damage and no further reduction in his range of motion. (Tr. 151:13-17). Plaintiff is employed on a full time basis as a teacher and

basketball coach. (Tr. 35:4-9). He has been absent from work a combined two to three weeks over the past three years. (Tr. 54:17-20). He is unable to play basketball recreationally and but continues to coach, although he feels his performance has diminished. (Tr. 57:15-20; 59:5-60:5). Plaintiff's doctor believes he will need therapy and medication in the future but did not suggest additional surgery would be necessary. (152:1-4).

In compensation for these injuries, Plaintiff was awarded damages in the amount of $680,000 for past pain and suffering ("PPS") and $950,000 for future pain and suffering ("FPS"). (Tr. at 294:8-17). Based on a survey of awards in comparable cases, I conclude that this award is excessive. To ensure that Plaintiff is not deprived of a just award due to the passage of time, I have adjusted these prior awards to reflect inflation. *See Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 163 (2d Cir. 2014) ("Taking inflation into account" during a Rule 59 analysis.).[1] Comparable cases include: *Donlon v. City of New York*, 727 N.Y.S.2d 94 (1st Dep't 2001) ($524,694.52 PPS, $524,694.52 FPS: plaintiff suffered two fractured vertebrae and one herniated disc, was unable to work for six months and unable to return to full time work for a full year, experienced manageable pain and reduced ability to play certain sports, was a risk for future traumatic arthritis); *DeCastro v. Andrews Plaza Hous. Associates, L.P.*, 924 N.Y.S.2d 792 (Mem) (1st Dep't 2011) ($368,355.87 PPS, $263,111.33 FPS: plaintiff suffered a fracture and tear in the right knee and a herniated disc, required arthroscopic surgery, was likely to require corrective back and knee surgery in the future); *Sanabia v. 718 West 178 Street, LLC*, 854 N.Y.S.2d 375 (1st Dep't 2008) ($219,909.62 PPS, $329,864.42 FPS: plaintiff suffered multiple herniated discs and was unable to work for six months but did not require surgery, suffered ongoing back and neck pain and was unable to play baseball or engage in other physical activities); *Jansen v. C. Raimondo & Son Const. Corp.*, 741 N.Y.S.2d 71 (2d Dep't 2002) ($460,575.88 PPS, $526,372.43 FPS: following surgery for injuries distinct from those in the instant case, plaintiff experienced difficult sleeping, inability to engage in activities he had previously enjoyed, constant pain, and a likelihood of future occupational therapy and additional surgeries); *Baird v. V.I.P. Mgmt. Co., Inc.*, 875 N.Y.S.2d 139 (2d Dep't 2009) ($441,389.60 PPS, $331,042.20 FPS: plaintiff required three fusion surgeries to repair two discs, experienced constant pain, and was unable to return to work).

Plaintiff has submitted several unreviewed and unpublished state trial court decisions. (Dkt. No. 68-2). Such cases may provide guidance. *See Harding v. Onibokun*, 828 N.Y.S.2d 780, 785 (N.Y. Sup. Ct. Jefferson Cty, 2006) ("Looking to only comparable awards that have received appellate review…is not the preferred procedure[.]). However, I afford these unreviewed verdicts less weight than the above appellate decisions. Many of the decisions Plaintiff cites are instantly distinguishable, but several point to a slightly expanded range of permissible awards. *See Perez v. Tuzzolino* No. 14781/11 (N.Y. Sup. Ct. Queens Cty) ($609,733 PPS, $812,977.50 FPS: plaintiff required removal of one disc and fusion of an additional two vertebrae, suffered ongoing neck and back pain, reduced range of motion, inability to conduct basic household chores, and would likely

---

[1] The adjusted awards are based on the United States Department of Labor, Bureau of Labor Statistics Inflation Calculator. They are adjusted from the year in which the verdict was entered, or the appeal concluded, to 2014 when the instant trial concluded.

3

need additional surgery); *McKnight v. New York City Transit Auth.*, No. 23705/10 (N.Y. Sup. Ct. Kings Cty) ($152,433.28 PPS, $762,166.41 FPS: plaintiff required arthroscopic surgery on both knees and fusion of three vertebrae, experienced ongoing pain and limitation of everyday activities, was likely to need future knee replacement surgery and future spinal fusions); *Fesel v. Bryant and Good Shepard Services*, No. 14220/2007, 2010 WL 395945 (Table) (N.Y. Sup. Ct. Bronx. Cty., Feb. 2, 2010) ($217,133.21 PPS, $542,833.03 FPS: plaintiff suffered a herniated disc requiring fusion surgery and extensive physical therapy, was unable to return to work).

It is clear that Plaintiff suffered considerable pain, warranting an award for past pain and suffering near the top of the permissible range. However, unlike many of the plaintiffs in comparable cases, here Plaintiff is not at risk of future surgery and is able to work full time. As such, I conclude that $500,000 in past pain and suffering and $500,000 in future pain and suffering is a reasonable award.

## **CONCLUSION**

For the reasons set forth above, the Rule 59 motion for a new trial on damages is granted unless, within 30 days of the issuance of this Memorandum and Order, Plaintiff files a written stipulation to reduce the verdict as to past pain and suffering from $680,000 to $500,000 and future pain and suffering from $950,000 to $500,000.
SO ORDERED

Dated: December 12, 2016

      Brooklyn, New York

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge